UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALIENTE LOPEZ,<br><br>                Plaintiff,<br><br>   v.<br><br>LAWRENCE MARTIN, M.D.,<br><br>                Defendant. | NO: 4:17-CV-5181-RMP<br><br>ORDER DISMISSING COMPLAINT<br><br>**1915(g)** |

By Order filed January 11, 2018, ECF No. 9, the Court advised Plaintiff of the deficiencies of his complaint and directed him to amend or voluntarily dismiss within sixty (60) days. Plaintiff indicated in his complaint that he was incarcerated at the Coyote Ridge Corrections Center ("CRCC"), ECF No. 8, but documents were provided to Plaintiff at the Airway Heights Corrections Center, ECF No. 3, and it appears that is where he has been housed since he lodged his complaint with this Court.

Plaintiff brought this action against the Chief Medical Officer of the CRCC, Dr. Lawrence Martin, seeking injunctive and declaratory relief, as well as $3

ORDER DISMISSING COMPLAINT -- 1

million in monetary damages. He claimed Dr. Martin was responsible for the provision of constitutionally adequate care, but presented no facts showing that Dr. Martin knew of any violations of constitutionally adequate care or failed to prevent any violations, *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989), or that Dr. Martin established a custom or policy that led to the violation of constitutionally adequate care. *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor can only be held liable for his or her own culpable action or inaction).

Plaintiff claimed that Dr. Martin failed to properly review Plaintiff's medical file, replaced an anti-seizure medication with an anti-psychotic medication, and failed to assign Plaintiff to a lower bunk. As a result, Plaintiff asserted that he suffered a "fatal" seizure which caused severe head trauma and inter-cranial bleeding.

The Court advised Plaintiff that the negligent prescription of medications, without factual allegations showing that Dr. Martin acted with deliberate indifference to Plaintiff's serious medical needs, was insufficient to establish a constitutional violation. *See Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) ("Mere medical malpractice does not constitute cruel and unusual punishment.") (citation omitted); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional
ORDER DISMISSING COMPLAINT -- 2

violation); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Although granted the opportunity to cure these deficiencies, Plaintiff did not amend his complaint and he has filed nothing further in this action. Therefore, for the reasons set forth above and in the Court's Order to Amend or Voluntarily Dismiss, ECF No. 9, **IT IS HEREBY ORDERED** that the Complaint, ECF No. 8, is **DIMISSED with prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims *in forma pauperis*.**

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter Judgment, provide copies to Plaintiff at his last known address, and **close this case**. The Clerk of Court is further directed to provide a copy of this Order to the

ORDER DISMISSING COMPLAINT -- 3

Office of the Attorney General of Washington, Corrections Division.  The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** March 22, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DISMISSING COMPLAINT -- 4